IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,207-01






EX PARTE ALEX PLASENCIO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13641-0002 IN THE 242ND DISTRICT COURT


FROM HALE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while
intoxicated and sentenced to twenty-five years' imprisonment. The Seventh Court of Appeals
affirmed his conviction. Plasencio v. State, No. 07-00-00385-CR (Tex. App.-Amarillo Dec. 21,
2001, pet. ref'd). 

 Applicant contends that the waiver of his final revocation hearing was involuntary because
his parole officer told him that if he pleaded guilty to pending criminal charges from Potter County,
he would "be on the streets by Friday." Applicant has alleged facts that, if true, might entitle him to
relief. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.
The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel
to obtain a response from Applicant's parole officer. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
waiver of his final revocation hearing was involuntary. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 24, 2011

Do not publish